UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS ALFRED YOUNG,

      Petitioner,

                                                                 Case No. 2:12-cv-417

v.

                                                                 HON. ROBERT HOLMES BELL

MICHAEL CURLEY,

      Respondent.

_____/

## MEMORANDUM OPINION AND ORDER

After a jury trial, Petitioner was convicted of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, and of being a prisoner in possession of a weapon, Mich. Comp. Laws § 800.2834. *People v. Young*, No. 294927, 2011 WL 2623387, at *1 (Mich. Ct. App. July 5, 2011). Petitioner was sentenced as a first habitual offender, Mich. Comp. Laws § 769.10, to concurrent terms of 95 months to 15 years' imprisonment for the assault conviction, and two to five years' imprisonment for the weapon possession conviction, to be served consecutive to the sentences for which he had already been imprisoned. *Id.*

On direct appeal, Petitioner argued that his "trial was tainted by the ineffective assistance of defense counsel and the misconduct of the prosecutor." *Id.* The Michigan Court of Appeals thoroughly addressed these claims, and affirmed Petitioner's sentence. On

December 28, 2011, the Michigan Supreme Court denied Petitioner leave to appeal. *People v. Young*, 806 N.W.2d 971, 971 (Mich. 2011) (memorandum opinion). Following the Michigan Supreme Court's decision, Petitioner filed his petition for writ of habeas corpus in this Court, arguing that (1) a new trial should be granted because of trial counsel's deficient performance during trial; and (2) the prosecutor engaged in substantial and material misconduct which denied Petitioner his right to a fair trial. (Ex. A to Pet., ECF No. 1-1.)

On September 3, 2015, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") (ECF No. 26) recommending that the petition be dismissed, and that a certificate of appealability be denied. On September 24, 2015, this Court, having received no objections within the required timeframe, issued an order approving and adopting the R&R. (ECF No. 27.) On September 28, 2015, the Court received Petitioner's motion for extension of time to file objections. The Court granted the motion and allowed petitioner until December 14, 2015, to file objections. The matter is before the Court on those objections. (ECF No. 33.)

## I. Standard of Review

The Court's analysis of the petition is guided by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). A petition for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted by a federal court with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

2

clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). The purpose of the AEDPA is to "guard against extreme malfunctions in the state criminal justice systems," *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and "not as a means of error correction." *Greene v. Fisher*, 132 S. Ct. 38, 43 (2011).

Under the AEDPA, the Court may consider only the "clearly established" holdings of the United States Supreme Court. 28 U.S.C. § 2254(d). "Circuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme Court] has not announced.'" *Lopez v. Smith*, 135 S. Ct. 1, 4 (2014) (quoting *Marshall v. Rodgers*, 133 S. Ct. 1446, 1451 (2013)). Moreover, law is not considered "clearly established" if the Supreme Court announces the law after the petitioner's last adjudication of the merits in state court. *Greene v*, 132 S. Ct. at 44. A state court's decision is "contrary to" clearly established federal law if "the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court's decision involves an "unreasonable application of" clearly established federal law "if the state court correctly identifies the governing legal

principle" from a Supreme Court decision, but makes an objectively unreasonable application of that principle to the facts. *Id.*

The Court applies the above standard to "the last state court decision on the merits." *Dyer v. Bowlen*, 465 F.3d 280, 284 (6th Cir. 2006).

## II. Analysis

### A. Ineffective Assistance of Counsel

The magistrate judge found that Petitioner's ineffective assistance of counsel claims are meritless. With regard to the ineffective assistance of counsel claim, Petitioner's objections state simply, "Petitioner reasserts that the issues raised are meritorious, of constitutional magnitude and asks this court to review each issue de novo. In particular, Petitioner would like to object to issue II. Prosecutor misconduct Recommendation." (Objections 2.)

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). The rationale for this rule is as follows:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.3d 505, 509 (6th Cir. 1991).

The Court finds that Petitioner's failure to raise specific objections to the R&R regarding the ineffective assistance of counsel claim results in a waiver of this claim. *See Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006) ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (affirming district court's decision to adopt R&R without conducting de novo review after petitioner made a "blanket objection" stating he "objects to each and every finding of the Magistrate and requests that the court conduct a de novo review of the record"); *United States v. Milburn*, No. 2:05-cr-100, 2006 WL 3488977, at *1 (E.D. Tenn. Nov. 30, 2006) (finding waiver when the defendant "ma[de] no specific objections, but merely ask[ed] the court for a de novo review of Magistrate Judge's findings of fact and conclusions of law"). Petitioner's blanket objection has failed to inform the Court which issues are "dispositive and contentious" with respect to the ineffective assistance of counsel claim, and does not identify how the magistrate judge erred. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Accordingly, it will not be considered de novo. The Court adopts the R&R's recommendation that this claim be denied.

**B. Prosecutorial Misconduct**

Petitioner has identified points of contention with the R&R's conclusion that there was a reasonable basis for the state court's determination that no prosecutorial misconduct occurred. The Michigan Court of Appeals stated:

> Defendant first challenges the prosecutor's questioning of witness Schuh about defendant's religious beliefs. Specifically, the prosecutor asked Schuh why he feared for his safety as a result of his testimony against defendant. Schuh responded that defendant was part of a religious organization that "has a lot of pull" inside the prison. The prosecutor asked Schuh to explain and he began describing the religious origins of the particular organization. The implication of this testimony was that defendant's religious organization functioned as a gang within the prison.
>
> The prosecutor's line of questioning was clearly improper. MCL 600.1436 prohibits a witness from being "questioned in relation to his opinions on religion." Our Supreme Court has interpreted the statute to also prohibit a witness from testifying regarding another person's religious opinion and beliefs. *People v. Bouchee*, 400 Mich. 253, 264 (1977). The purpose of the statute is to "strictly avoid any possibility that jurors will be prejudiced against a certain witness because of personal disagreement with the religious views of that witness." *People v. Jones*, 82 Mich. App. 510, 516 (1978).
>
> Defense counsel did not raise a contemporaneous objection, but the court *sua sponte* halted the line of questioning and instructed the jurors to disregard the witness's comments. We presume that jurors follow the instructions as given by the court. *People v. Graves*, 458 Mich. 476, 486 (1999). Defendant raised no objection to the substance of the court's curative instruction. As defendant failed to preserve his challenge to the prosecutor's questioning or the court's response, our review is limited to plain error affecting defendant's substantial rights. *People v. Carines*, 460 Mich. 750, 763 (1999). Here, the trial court "act[ed] in a swift and commendable manner in cutting off the improper religious questioning," *Dobek*, 274 Mich. App. At 75, and we reject defendant's contention that this brief reference to religion affected the outcome of his trial.

*Young*, 2011 WL 2623387, at *5-6.

The state court's determination was reasonable. At trial, the following exchange occurred:

> A: Because Mr. Young and his so called organization, religious organization has a lot of pull, people in different facilities.
>
> Q: What's his religious organization?
>
> A: Nation Islam but his actual branch is Five Percenters. They're—they stem off the teachings of Nation Islam's kind of like—it's kind of like the Catholic Church, the Protestants
>
> THE COURT: Ms. Kirkhoff, I'm going to interrupt at this point. I don't think the witness is qualified to offer these observations. The jurors will disregard these comments.

(Jury Trial Tr. I at 247, ECF No. 19.) Petitioner's objections essentially argue that, even though a curative instruction was given, the damage was already done. (*See* Objections 3, ECF No. 33.) Petitioner states that no one has examined whether such instructions are effective, and that "[p]erhaps this issue is and can be a 'Novel Claim' considering the intracicies involved?" (Objections 5.) But that is not the Court's role in reviewing a petition for writ of habeas corpus. The Court must determine whether the state court's decision was contrary to clearly established law of the United States Supreme Court. It was not. In fact, the Supreme Court has held in accordance with the Michigan Court of Appeals' decision. *See Greer v. Miller*, 483 U.S. 756, 766 (1987) ("The sequence of events in this case—a single question, an immediate objection, and two curative instructions—clearly indicates that the prosecutor's improper question did not violate [petitioner's] due process rights."). The Sixth

Circuit has done the same. *See Puertas v. Overton*, 168 F. App'x 689, 701-702 (6th Cir. 2006) ("Any prejudice, moreover, was cured when the trial court sustained Puertas's objection to the comments and instructed the jury not to consider them in reaching its verdict."); *United States v. Carter*, 236 F.3d 777, 787 (6th Cir. 2001) ("Ordinarily, a court should not overturn a criminal conviction on the basis of a prosecutor's comments alone, especially where the district court has given the jury an instruction that may cure the error. As a general matter, juries are presumed to understand and follow directions from the court."); *United States v. Monday*, 8 F. App'x 394, 401 (6th Cir. 2001) ("[E]ven assuming that the remark prejudiced Defendant, the court's instruction to the jury provided a sufficient cure.").

Accordingly, Petitioner's claim of prosecutorial misconduct is meritless. While the initial petition raised other bases for finding prosecutorial misconduct, his objections to the R&R do not mention those grounds and, accordingly, they are waived.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473,

483 (2000) (internal quotation marks omitted). The Sixth Circuit has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.

Upon review of each claim, the Court agrees with the magistrate judge's determination that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Accordingly, a certificate of appealability will be denied.

## IV.

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's September 3, 2015 Report and Recommendation (ECF No. 26) is **APPROVED and ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: May 27, 2016            /s/ Robert Holmes Bell
                               ROBERT HOLMES BELL
                               UNITED STATES DISTRICT JUDGE